

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1046
Re:  Whether 20% prize tax provided in
     Article 7047f, R.C.S., is due upon
     prize given away by American Legion
     under stated facts.

We are in receipt of your letter of June 24, 1939,
wherein you outline the following facts:

The American Legion Rodeo is an annual event  put on
by the local Post of the American Legion at Pecos, Texas.
The Rodeo is not operated for a profit, but all entrance fees
paid by the contestants are paid back to them in the form of
prizes.  Admissions charged at the gate are used to defray
the expenses of the Rodeo, such as rental of stock, labor,
lights, advertising, feed, etc.  Receipts from the above
sources have never been sufficient to meet the expenses of
the Rodeo, and the Post proposes to make up the deficit in
whole or in part by selling to local merchants coupons which
they, in turn, will give to their customers, each coupon en-
titling the customer to a chance on prize or prizes given
away at the Rodeo.  Generally at such rodeos there is a suc-
cession of entertaining events, and the same may continue for
one or more days, and we shall assume such to be true in this
case.  From a statement contained in the facts submitted to
us, we shall also assume that the prizes will be given away
at a place to enter which admission fees were charged.

Section (a) and the first sentence in Section (b) of
Article 7047f, Revised Civil Statutes, read as follows:

"Every person, firm, or corporation conduct-
ing a theatre, place of amusement, or business
enterprise in connection with the operation of
which a prize in the form of money or something
of value is offered or given to one or more pa-
trons of such theatre, place of amusement, or
business enterprise, and not given to all patrons
thereof paying the same charge for any certain
service, commodity, or entertainment, shall make a

verified monthly report on the twenty-
fifth day of each month to the Comptrol-
ler of Public Accounts of the State of
Texas, showing the amount of money so
given in prizes, and the value of all
prizes or awards so given in connection
with such business during the next pre-
ceding month.

"There is hereby levied a tax equal
to twenty per cent (20%) of the value of
all such money, prizes, and awards given
in connection with the operation of each
and all of the foregoing business enter-
prizes, and at the time of making the re-
port to the Comptroller of Public Accounts,
the owner or operator of any such business
shall pay to the State Treasurer such tax
upon the total amount of money, prizes,
and awards to given during the next pre-
ceding month. . . ."

You request our opinion as to whether or not under
the above facts the 20% tax levied by the above statute will
be due upon the prizes thus given away, or to be given away
at the Pecos Rodeo.

If not a business enterprise, such a rodeo would cer-
tainly be a place of amusement. As we construe the facts
submitted to us, the prizes would be given away in connection
with the operation of the Rodeo. We are left to guess as to
the procedure to be adopted in giving away the prizes, but we
will engage in another assumption, this time to the effect
that drawings will be held to determine the persons who will
receive the prizes. There will be many patrons of the Rodeo
paying the same admission charge, and the persons receiving
these prizes will be paying no greater charge for the enter-
tainment than the other patrons. Under the facts submitted to
us, and if the further facts are as we have assumed, then the
20% tax will be due as levied by the statute.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:FG:wc

APPROVED JUL 20, 1939
s/W.F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/TDR Chairman